
U.S. DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FILED

JUL 1 1 2018

CLERK, U.S. DISTRICT COURT
By_____
Deputy

IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
FORT WORTH DIVISION

RHONDA GAIL COONTZ,                 §
                                    §
        Plaintiff,                  §
                                    §
VS.                                 §   NO. 4:17-CV-302-A
                                    §
NANCY A. BERRYHILL, ACTING          §
COMMISSIONER, SOCIAL SECURITY       §
ADMINISTRATION,                     §
                                    §
        Defendant.                  §

## MEMORANDUM OPINION
and
### ORDER

Before the court for decision is the complaint of plaintiff,
Rhonda Gail Coontz, seeking judicial review of the final decision
of Nancy A. Berryhill, Acting Commissioner of Social Security
("Commissioner"), denying plaintiff's application for a period of
disability and disability insurance benefits under Title II of
the Social Security Act ("the Act"). After having considered the
filings of the parties, the administrative record, the proposed
findings and conclusions and recommendation of United States
Magistrate Judge Jeffrey L. Cureton, and pertinent legal
authorities, the court has concluded that the decision of
Commissioner should be affirmed.

I.

## Background

Plaintiff's application was initially denied on September 12, 2014. Plaintiff requested a hearing before an administrative law judge ("ALJ"), which was held on November 5, 2015. The ALJ rendered a decision against plaintiff on January 26, 2016. Plaintiff's request for review was denied on February 6, 2017. On April 7, 2017, plaintiff filed her complaint in this action complaining of Commissioner's decision.

Consistent with the normal practices of this court, plaintiff's complaint was referred to the United States Magistrate Judge for proposed findings and conclusions and a recommendation, and the parties were ordered to treat the application as an appeal by plaintiff from Commissioner's ruling. Each party filed a brief on appeal. On June 1, 2018, the magistrate judge issued his proposed findings and conclusions and his recommendation ("FC&R") that Commissioner's decision be affirmed, and granted the parties until June 15, 2018, in which to file and serve any written objections thereto. Plaintiff filed her objections on June 11, 2018, and Commissioner filed a response on June 18, 2018.

### Positions Taken by the Parties, the FC&R,
### and Plaintiff's Objection to the FC&R

A.  Underline Plaintiff's Opening Brief

Plaintiff defined in her brief the basic issues to be
resolved as follows:

First Issue:  By not giving substantial or controlling
weight to the opinions of Dr. Caroline Woodland ("Dr. Woodland")
and not considering Dr. Woodland's opinions under the relevant
factors enumerated in 20 C.F.R. § 404.1527(c)(2)-(6), the ALJ
failed to properly weigh the medical opinion evidence.  And, the
ALJ erroneously determined plaintiff's residual functional
capacity ("RFC") when he "substituted his judgment of the
objective medical evidence for the opinions from a treating
expert who considered the exact same objective evidence," doc.[1]
13 at 13 (internal quotation marks omitted), and failed to
identify specific medical facts or non-medical evidence to
support the RFC determination, id. at 11-13.

Second Issue:  The ALJ improperly evaluated plaintiff's
credibility when he found treatment was effective to control
plaintiff's symptoms, and when he failed to compare plaintiff's
"testimony on her symptoms and resulting limitations, her limited

---

[1]The "Doc.___" references are to the numbers assigned to the referenced items on the docket in this action, No. 4:17-CV-302-A.

activities of daily living, and her lack of significant or sustained response to treatment . . . against the record before finding Plaintiff not credible as required by 20 C.F.R. § 404.1529 and SSR 96-7p." Id. at 15.

Third Issue: The ALJ relied on a flawed hypothetical question posed to the vocational expert in that it did not include all of plaintiff's limitations or comparable restrictions. Specifically, the hypothetical did not incorporate plaintiff's limited "ability to concentrate over a period of time, her ability to persist at tasks, or her ability to maintain a particular pace over the course of a workday or workweek." Id. at 16.

B. Commissioner's Responsive Brief

With respect to plaintiff's first issue, Commissioner responded that because the ALJ identified first-hand evidence by plaintiff's other treating and examining physicians that contradicted the opinions of Dr. Woodland, the ALJ was not required to analyze the criteria enumerated in 20 C.F.R. § 404.1527 before declining to give great, substantial, or controlling weight to the opinions of Dr. Woodland.[2] Moreover, Commissioner stated that even though the ALJ was not required to

---

[2]The factors for evaluating medical opinions are: (1) the examining relationship; (2) the treatment relationship, including the nature, extent, and length of treatment; (3) supportability; (4) consistency; (5) specialization; (6) other factors. 20 C.F.R. 404.1527(c)(1)-(6).

consider the factors provided in 20 C.F.R. § 404.1527, he nevertheless did consider such factors in making his determination not to give substantial or controlling weight to Dr. Woodland's opinions. Finally, Commissioner responded that the ALJ properly interpreted the medical evidence to determine plaintiff's capacity for work.

As to the second issue raised by plaintiff, Commissioner responded that the ALJ sufficiently explained the reason for his determination that plaintiff's statements concerning the intensity, persistence, and limited effects of her symptoms were not entirely credible. Specifically, the ALJ identified the process for evaluating a claimant's symptoms, recited the objective medical evidence and plaintiff's testimony, and then explained how plaintiff's testimony and subjective complaints were unsupported by the recited medical evidence.

Finally, in response to plaintiff's third issue, Commissioner stated that the ALJ "reasonably accounted for any moderate limitations in concentration, persistence, or pace by limiting [plaintiff] to detailed, but uninvolved written or oral instructions," doc 14 at 13, and that the ALJ properly disregarded the hypothetical testimony of the vocation expert that was not supported by the subjective evidence.

C.    The FC&R

     As to the first issue raised by plaintiff, the magistrate

judge proposed in the FC&R that the ALJ did not err in declining

to give substantial or controlling weight to the opinions of Dr.

Woodland, which were in some instances unsupported by references

to objective evidence, and in other instances controverted by

first-hand medical evidence in the record that was determined by

the ALJ to be more well-founded.  The magistrate judge also

determined that the ALJ appropriately evaluated the medical

evidence by considering the relevant factors enumerated in 20

C.F.R. § 404.1527(c) and SSRs 96-2p, 96-5p, 96-6p, and 06-3p.  On

plaintiff's second identified issue, the magistrate judge found

that the ALJ properly evaluated plaintiff's credibility and

reviewed the necessary factors to reach a determination that

plaintiff's statements were not credible to the extent that they

did not align with her medical record.  On plaintiff's final

issue, the magistrate judge concluded that the hypothetical posed

to the vocational expert, which limited plaintiff to

understanding detailed but uninvolved instructions and to

concentrate for extended periods, did not contradict the ALJ's

finding that plaintiff was moderately limited in her ability to

maintain concentration, persistence, or pace.  Moreover, the

magistrate judge determined that the ALJ properly incorporated

plaintiff's moderate limitations in maintaining concentration, persistence, or pace in the RFC and the hypothetical to the vocational expert when the ALJ limited plaintiff's ability, in the hypothetical posed to the vocational expert, to understand detailed but uninvolved instructions and concentrate for extended periods of time. Based on these proposed conclusions, the magistrate judge recommended that Commissioner's decision be affirmed.

D. <u>Plaintiff's Objections to the FC&R</u>

Plaintiff's objections to the FC&R for the most part track the issues raised in plaintiff's opening brief. Plaintiff again challenges the amount of weight afforded to the opinions of Dr. Woodland. Specifically, plaintiff argues that both the ALJ and the magistrate judge failed to provide adequate explanations for rejecting Dr. Woodland's opinions, that the ALJ improperly considered plaintiff's response to treatment, and that the ALJ did not weigh Dr. Woodland's opinions using the factors in 20 C.F.R. § 404.1527(c). Plaintiff also objects that the magistrate judge failed to address plaintiff's argument that the ALJ in substituting his judgement of the objective medical evidence for the opinions of Dr. Woodland to determine plaintiff's RFC. Plaintiff also raises for the first time her argument that a "patient's report of complaints" are relevant. With regard to

her second issue, plaintiff reiterates that it was an error for the ALJ to consider her "modest response to treatment" and "the fact that [p]laintiff can engage in some activities of daily living" as evidence that plaintiff is not disabled. Doc. 16 at 6.

Plaintiff also reiterates her argument that the ALJ erred in considering her response to treatment or ability to perform some activities of daily living as evidence she is not disabled.

On her final point, plaintiff again challenges the hypothetical posed to the vocational expert, which included mental limitations in plaintiff's ability to understand and carry out detailed but uninvolved instructions and concentrating for extended periods of time, did not adequately account for plaintiff's moderate limitation in concentration, persistence, or pace.

III.

Analysis

A.   Basic Principles

A guiding principle is that judicial review of a decision of Commissioner of nondisability is limited to two inquiries: (1) whether Commissioner's decision is supported by substantial evidence on the record as a whole and (2) whether Commissioner applied the proper legal standards. See Anthony v. Sullivan, 954

F.2d 289, 292 (5th Cir. 1992). Substantial evidence is more than a scintilla but less than a preponderance; it is "such relevant evidence as a reasonable mind might accept to support a conclusion." Ripley v. Chater, 67 F.3d 552, 555 (5th Cir. 1995); Greenspan v. Shalala, 38 F.3d 232, 236 (5th Cir. 1994), cert. denied, 514 U.S. 1120 (1995). There will not be a finding of "no substantial evidence" unless "there is a conspicuous absence of credible choices." Harrell v. Brown, 862 F.2d 471, 475 (5th Cir. 1988) (per curiam).

The determination of whether there is substantial evidence to support the fact findings of the Commissioner does not involve reweighing the evidence, or trying the issues de novo. Ripley, 67 F.3d at 555. The court cannot substitute its own judgment for that of the Commissioner. Neal v. Bowen, 829 F.2d 528, 530 (5th Cir. 1987) (per curiam); Chaparro v. Bowen, 815 F.2d 1008, 1010 (5th Cir. 1987) (per curiam); Milam v. Bowen, 782 F.2d 1284, 1286 (5th Cir. 1986). The Commissioner, not the court, has the duty to weigh the evidence, resolve material conflicts in the evidence, and make credibility choices. Carrier v. Sullivan, 944 F.2d 243, 247 (5th Cir. 1991) (per curiam); Carry v. Heckler, 750 F.2d 479, 482 (5th Cir. 1985). The court's role is to "scrutinize the record in its entirety to determine whether substantial evidence supports" the Commissioner's findings.

Randall v. Sullivan, 956 F.2d 105, 109 (5th Cir. 1992) (citing Ransom v. Heckler, 715 F.2d 989, 992 (5th Cir. 1983) (per curiam)). If supported by substantial evidence, the Commissioner's findings are deemed conclusive, and the court must accept them. See Richardson v. Perales, 402 U.S. 389, 390, 91 S. Ct. 1420, 1422 (1971). "The role of the courts in this quintessentially administrative process is extremely narrow and the Commissioner's decision is entitled to great deference." Leggett v. Chater, 67 F.3d 558, 564 (5th Cir. 1995); Lewis v. Weinberger, 515 F.2d 584, 586 (5th Cir. 1975).

B.    The Decision of the Commissioner is to be Affirmed

    1.    Plaintiff's Claim that the ALJ Failed to Properly Weigh
          the Medical Opinion Evidence and Failed to Properly
          Determine Plaintiff's Residual Functional Capacity

Having reviewed the record in this action, the court is satisfied that the ALJ properly weighed the medical opinions of Dr. Woodland. As a general rule, an ALJ is to accord great weight to the opinions of a claimant's treating physician. See Leggett, 67 F.3d at 566; Greenspan, 38 F.3d at 237. If the treating physician's opinions are "well-supported by medically acceptable clinical and laboratory diagnostic techniques and [are] not inconsistent with . . . other substantial evidence," the treating physician's opinions should be given controlling weight. 20 C.F.R. § 404.1527(d)(2); Martinez v. Chater, 64 F.3d

172, 176 (5th Cir. 1995). However, an ALJ may discredit such an opinion if the ALJ shows good cause for doing so. Newton v. Apfel, 209 F.3d 448, 455-56 (5th Cir. 2000). Good cause in this context may include disregarding statements that are brief or conclusory, unsupported by acceptable diagnostic techniques, or otherwise unsupported by the medical evidence. Leggett, 67 F.3d at 566; Greenspan, 38 F.3d at 237.

In this case, the ALJ properly evaluated the medical evidence before determining to disregard the medical opinions of Dr. Woodland. The ALJ explained that the opinions of Dr. Woodland were afforded less than substantial or controlling weight because such opinions were "based primarily on the claimant's subjective allegations and . . . not supported by Dr. Woodland's objective findings or those of any other medical source." Doc. 1 at 19. Such explanations provide good cause for the ALJ to give less than substantial or controlling weight to the opinions of Dr. Woodland. Moreover, even though the ALJ was not required, for the reasons stated above, to consider the factors set forth in 20 C.F.R. § 404.1527, his decision nonetheless demonstrates that he did consider each of the relevant factors as part of his review of Dr. Woodland's opinions. For these reasons, the court concludes that the ALJ did not err in assigning less than substantial or controlling

weight to the opinions of Dr. Woodland.  See Newton, 209 F.3d at 453.

### 2. Plaintiff's Claim that the ALJ Failed to Properly Evaluate Plaintiff's Credibility

Plaintiff's second objection focuses on the ALJ's alleged failure to properly evaluate plaintiff's credibility. Credibility determinations of an ALJ are entitled to deference. See Carrier, 944 F.2d at 247.  In particular, an ALJ's determination "of the credibility of subjective complaints is entitled to judicial deference if supported by substantial record evidence."  Villa v. Sullivan, 895 F.2d 1019, 1024 (5th Cir. 1990); Chambliss v. Massanari, 269 F.3d 520, 522 (5th Cir. 2001).

The ALJ evaluated the credibility of plaintiff's statements regarding the intensity, persistence, and limiting effects of her symptoms by, among other things, reviewing the factors enumerated in SSR 96-7p.[3]  Based on an evaluation of these factors, the ALJ determined that plaintiff's "medically determinable impairments could reasonably be expected to cause the alleged symptoms[, but that plaintiff's] statements concerning the intensity,

---

[3]The factors the ALJ must consider in addition to the objective medical evidence when assessing the credibility of a claimant's statements are: (1) the claimant's daily activities; (2) the location, duration, frequency, and intensity of pain or other symptoms; (3) factors that precipitate and aggravate the symptoms; (4) the type, dosage, effectiveness, and side effects of any medication taken to alleviate pain or other symptoms; (5) treatment, other than medication, received for relief of pain or other symptoms; (6) any measures other than treatment that the claimant uses or has used to relieve pain or other symptoms; and (7) other factors that bear on the claimant's functional limitations and restrictions due to pain or other symptoms.

persistence, and limiting effects of these symptoms are not entirely credible." Doc. 9 at 18. The magistrate judge discussed and identified in his recommendation each of the points made by the ALJ regarding the relevant factors. Although plaintiff objected to the magistrate's findings on the issue of the ALJ's assessment of her credibility, she did not actually challenge the magistrate judge's assessment of the ALJ's application of the relevant factors. Instead, she argued that her modest response to treatment and the fact that she is capable of what she refers to as "hardly significant activities," for instance doing laundry, driving, and grocery shopping, do not contradict a finding of disability. Doc. 16 at 6. Because the ALJ properly considered plaintiff's credibility and there is sufficient evidence in the record to support that credibility determination, the court finds that the ALJ did not err. Chambliss, 269 F.3d at 522; Villa, 895 F.2d at 1024.

   3.   Plaintiff's Claim that the ALJ Relied on a Flawed
        Hypothetical Question to the Vocational Expert

Plaintiff's final objection to the findings, conclusions, and recommendation of the magistrate judge focused on the hypothetical posed to the vocational expert, arguing that the hypothetical failed to account for plaintiff's moderate limitation in concentration, persistence, or pace. Rather than challenging the actual merits of the findings and recommendations

of the magistrate judge, she presented again the same cases and arguments offered in her opening brief, and provided additional authority from other circuits.

The ALJ in this case found moderate limitation in plaintiff's ability to maintain concentration, persistence, or pace, and severe mental impairments of depression and anxiety. The ALJ then incorporated plaintiff's moderate limitations into the RFC and in the hypothetical posed to the vocational expert by limiting plaintiff to, among other things, a job that involves understanding "detailed but uninvolved" written or oral instructions and concentrating for extended periods of time. The court concludes that such a hypothetical adequately accounted for an incorporated plaintiff's limitations in her ability to maintain concentration, persistence, or pace. See Bordelon v. Astrue, 281 F. App'x 418, 419 (5th Cir. 2008); Williams v. Colvin, No. 4:14-CV-114-BJ, 2015 WL 1288348, at *6 (N.D. Tex. Mar. 20, 2015); Westover v. Astrue, No. 4:11-CV816-Y, 2012 WL 6553102, at *9 (N.D. Tex. Nov.16, 2012).

Finally, plaintiff attempted to cast doubt on the hypothetical posed by the ALJ by questioning her ability to perform the job of poultry eviscerator. Because the job of a poultry eviscerator was not identified by the vocational expert or the ALJ, plaintiff's ability to perform that job is not

relevant to this action. Thus, the court finds that the ALJ did not err.

IV.

Order

Therefore,

The court accepts the recommendation of the magistrate judge and ORDERS that the decision of the Commissioner that, based on the application for a period of disability and disability insurance benefits filed on April 4, 2014, plaintiff is not disabled under sections 216(i) and 223(d) of the Social Security Act, be, and is hereby, affirmed.

SIGNED July 11, 2018.

JOHN McBRYDE
United States District Judge